IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3276-H

RICHARD NATHANIEL GREGORY BEY )
also known as RICHARD NATHANIEL )
GREGORY, JR.,[1] )
    Plaintiff, )
)
)
    v. ) **ORDER**
)
)
UNITED STATES OF AMERICA, UNITED )
STATES CONGRESS, and UNITED )
STATES ATTORNEY GENERAL )
    Defendants. )

Plaintiff, a state inmate proceeding pro se, brings this action under 18 U.S.C. §§ 241-42, 1091. [D.E. #1]. Plaintiff has been granted leave to proceed without prepayment of fees. [D.E. #10]. This matter is now before the court on frivolity review pursuant to 28 U.S.C. § 1915.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-

---

[1] Plaintiff's legal name is provided in an attachment to his complaint. His legal name is "Richard Nathaniel Gregory, Jr."

(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (internal quotation marks omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff is incarcerated at Wilkes Correctional Center in North Wilkesboro, North Carolina, and brings this action against the defendants asserting various rights as a "sovereign private civilian inhabitant" and a "Moorish American National."[2] He seeks, inter alia, to have his birth certificate which was

---

[2] In deference to plaintiff's pro se status, the court reviewed docket entries 8, 12, and 13, along with plaintiff's complaint for the purpose of its frivolity review.

2

issued by the State of North Carolina rescinded and to compel amendment of certain prison documents to classify him as a "Moorish American" instead of "black."[3] Plaintiff attached sundry documents to his complaint, some of which classify him as a "black" male. Plaintiff complains that such a classification in these various court or prison documents is a violation of his constitutional rights because he does not identify with that classification group. Rather, plaintiff states he identifies with a class of individuals who claim to be "Moorish Americans."

Contrary to plaintiff's claims however, "the mere fact that correctional authorities maintain a prisoner's records in the name he used when convicted implicates no constitutional right." Barrett v. Virginia, 689 F.2d 498, 503 (4th Cir. 1982). The organization and categorization of prison records is "quintessentially an administrative matter in which the courts should not intervene." Id. Further, this court has previously determined that a prison official's refusal to change nationality or race in official prison records generally does not constitute a constitutional violation. Thorne-El v. Sanders, No. 5:12-CT-3029-FL, 2013 WL 3166453, at *2 (E.D.N.C. June 20, 2013) (citing Anderson-Wl v. Chief of Auxiliary Service, No. 5:11-CT-3170-D, 2012 WL 5305782, at *1 (E.D.N.C. May 22, 2012),

---

[3] Plaintiff filed a complaint in this district containing claims of the same or similar substance which was dismissed by United States District Judge Louise W. Flanagan on May 7, 2014. See Gregory v. United States, et al., No. 5:13-CT-3157-FL (E.D.N.C. 2014).

3

aff'd, 477 F.App'x 142 (4th Cir. Sept. 28, 2012)), aff'd, 2013 WL 576582 (4th Cir. Oct. 25, 2013). To the extent plaintiff seeks to compel amendment of his court or prison documents, plaintiff fails to state a constitutional violation.

To the extent plaintiff seeks redress from the defendants regarding the purported unauthorized issuance of a birth certificate by the State of North Carolina, plaintiff fails to state a basis for which defendants can be held liable for the purported wrongdoing of a separate sovereign. Further, to the extent plaintiff alleges that North Carolina state laws and the United States Constitution do not apply to him because he is a so-called "Moorish American," his allegations are wholly frivolous. See Cunningham-El v. Whitener, No. 5:10-CV-194-RJC, 2012 WL 137876 at *1 (W.D.N.C. Jan. 18, 2012); Caldwell v. Wood, No. 3:07-CV-41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-American' nation is ludicrous.").

Next, 28 U.S.C. § 1915 accords the court the authority to dismiss a claim which is based upon "clearly baseless" factual contentions. Denton v. Hernandez, 504 U.S. 25, 32 (1992). Plaintiff's remaining claims are indisputably baseless inasmuch as they are unclear, not actionable, conclusory, and wholly

4

without merit. Therefore, plaintiff does not state a claim for which relief may be granted.

Lastly, in cases governed by 28 U.S.C. § 1915, the court "shall issue and serve all process, and perform all duties..." 28 U.S.C. § 1915(d). Service was not effectuated upon the defendants while the case awaited frivolity review by this court. Therefore, plaintiff's motion for default judgment is improper.

For the foregoing reasons, plaintiff's complaint [D.E. #1] is DISMISSED as frivolous. Plaintiff's motion for default judgment [D.E. #11] is DENIED. The clerk is directed to amend the caption in this case to include plaintiff's legal name, Richard Nathaniel Gregory, Jr., as an "also known as" title and then close this case.

This 21st day of April 2015.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34